IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABDUNAIM LAKIMOV,

               *Petitioner*,

    v.

LEONARD ODDO, *et al*,

               *Respondents*.

Civil Action No. 3:26-cv-398

Hon. William S. Stickman IV

## ORDER OF COURT

Petitioner Abdunaim Lakimov was born in Tajikistan. He moved to Ukraine in 2017, and allegedly received Ukrainian citizenship after marrying a Ukrainian citizen. When Russia invaded Ukraine, he fled to Germany. He alleges that his wife stayed behind, but later moved to Austria. In January of 2023, Petitioner obtained a Canadian worker's visa. He later came to the United States as a Ukrainian Humanitarian Parolee—being paroled into the United States for a two-year period. He did not depart after the two-year period. He was arrested on May 28, 2025.

Petitioner agreed to accept removal to Ukraine. He was processed as an expedited removal under 8 U.S.C. § 1225(b)(1). An order of removal was issued on May 28, 2025. It was later learned, however, that Petitioner's Ukrainian citizenship had been revoked in January 2024, and that his Ukrainian passport was no longer valid. Steps were then taken to remove Petitioner to a third country—with a particular focus on Tajikistan, the country of his birth, and where his father still lives. On February 14, 2026, the expedited order of removal to Ukraine was revoked and Petitioner was served with an order of removal to Tajikistan.

Petitioner claims that Tajikistan revoked his citizenship when he became a citizen of Ukraine. While Tajikistan allows for reinstatement of citizenship, Petitioner has refused to apply

1

for reinstatement, stating that he does not want to return to Tajikistan.  After a credible fear interview, an immigration judge found that Petitioner has not established credible fear of persecution in Tajikistan and ordered his removal by a March 3, 2026, order.  Petitioner denied having any Tajik identification documents, although he ultimately acknowledged that he has a Tajik birth certificate.  He has refused to cooperate in his removal, including refusal to seek travel documents to Tajikistan.

Petitioner seeks immediate release, claiming that his detention exceeds the 90-day removal period set forth in 8 U.S.C. § 1231.  He also claims that his continued detention since May 2025 is unreasonable under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The Court holds that relief is not warranted.

While 8 U.S.C. § 1231 generally allows detention for a period of only 90-days after an order of removal, there are circumstances where that period may be extended.  One circumstance is where an alien detainee stands in the way of his own removal:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C).  The Court finds the declaration of Deportation Officer Alassane Coulibaly (ECF No. 8-1) to be credible.  It accepts the declaration's assertion that Petitioner has refused to complete a travel document application for Tajik identification and travel documents. (ECF No. 8-1, p. 2).  Petitioner's own conduct brings him within the scope of § 1231(a)(1)(C). The 90-day period may, therefore, be extended.

The Court also holds that Petitioner's detention beyond the 90-day period is not unreasonable under *Zadvydas*.  The United States Supreme Court has authorized detention after

2

entry of a final order of deportation for a period reasonably necessary to accomplish the alien's removal. *Zadvydas*, 533 U.S. at 699–700. The Supreme Court recognized that six months is a presumptively reasonable period to allow the Government to obtain removal. But it held that detention for a longer period is appropriate unless it is determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Under *Zadvyas*, it is the burden of the petitioner to show that there is "good reason" to believe that there is no likelihood of removal. *Joseph v. United States*, 127 F. App'x 79, 80–81 (3d Cir. 2005). Here, Petitioner has failed to do so. The record offers a reasonable explanation for his continued detention pending the delay in his removal. First, he was ordered to be removed to Ukraine based on his representation of Ukrainian citizenship and his desire to return. Only later was it discovered that his Ukrainian citizenship was apparently revoked. His amended order of removal to Tajikistan was not issued until March 3, 2026, less than two months ago. Since that order was issued, Petitioner has attempted to thwart removal efforts by his refusal to apply for travel documents. Nevertheless, the resultant delay does not indicate that there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, as Deportation Officer Alassane Coulibaly declared, "Tajikistan regularly cooperates with travel document requests and ERO has been successful in removing people to Tajikistan in the past., therefore, ERO asserts there is a significant likelihood of removal in the reasonably foreseeable future." (ECF No. 8-1, p. 2).

AND NOW this 24th  day of April 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.  The Court holds that Petitioner is not entitled to the relief he seeks.

BY THE COURT:

/s/William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE